ESTATE OF JULIUS TOFIAS, DECEASED, HANSON S. REYNOLDS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Tofias v. Commissioner
Docket No. 12708-85.
United States Tax Court
T.C. Memo 1987-117; 1987 Tax Ct. Memo LEXIS 113; 53 T.C.M. (CCH) 285; T.C.M. (RIA) 87117; March 3, 1987. Hanson S. Reynolds, for the petitioner. Christine Colley, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $29,077.10 in the estate tax due from the Estate of Julius Tofias. After concessions, the only issue for decision is whether the estate is entitled under section 2053, [1] to deduct as a claim against the estate legal fees in the amount of $110,765.40. *114 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits associated therewith are incorporated herein by reference. Petitioner is the Estate of Julius Tofias ("decedent") who died testate at the age of 91 on June 21, 1981, a resident of Newton, Massachusetts, leaving a son, Arnold B. Tofias ("Arnold") and a daughter, Annabelle Sheppard ("Annabelle"), surviving. His wife, Esther S. Tofias, had predeceased him. Hanson S. Reynolds qualified as the independent executor of the estate. He too was a resident of Massachusetts on the date the petition was filed. Prior to about 1957 the decedent and his wife had owned all of the outstanding stock in a corporation which operated two real estate businesses, Julius Tofias & Company and Medfield Industrial Park. Arnold began working in the family businesses in 1956 and over the next 18 years was given approximately 45 percent of the stock in the corporation by his parents. In October of 1974 they transferred all of the rest of their stock to Arnold in return for his written agreement to employ decedent as a consultant to the businesses for the balance of decedent's life and to *115 guarantee payment of $27,000 a year for such services to the decedent or his wife so long as either of them should live. At the same time, decedent and his wife executed new wills and a trust providing that, upon their deaths, all of their remaining property would be transferred to Annabelle. Decedent's wife died in January of 1979. At about this time Annabelle began to voice displeasure concerning the gifts of stock made to Arnold by her parents. Decedent was unhappy with Annabelle's complaints and on May 22, 1979, wrote to Arnold as follows: In the last several weeks I have become aware of the fact that Annabelle and her family have engaged lawyers, in some way attempting to intimidate both myself and possibly you for reasons that I do not understand. I would like this letter to serve as my promise to you that, if you incur any costs - both legal and otherwise - in reacting to any threats, intimidation, or suits by Annabelle or her family, I will pay all of your costs. This is an obligation that I will assume while I am alive and allow you to collect from my estate when, as, and if I am no longer here. One week after the letter containing the above promise was mailed *116 to Arnold, Annabelle filed suit against Arnold in a state court alleging that the gifts were improper. In response to the suit, decedent executed a new will, which omitted any provision for Annabelle but contained the following paragraph: I hereby direct my Executors to reimburse my said son, ARNOLD B. TOFIAS, for any and all legal expenses incurred by him (including but not limited to legal expenses, disbursements and personal expenses), as a result of the suit brought against him by his sister, ANABELLE SHEPPARD, in the Middlesex Superior Court, Docket No. 79-2673. If there is any question about any such expense, I empower my independent executor, HANSON S. REYNOLDS, to determine whether such expense is reasonable and should be reimbursed hereunder, and his decision shall be conclusive on all persons interested in my estate. Pursuant to his promise, decedent paid all of Arnold's legal fees with respect to the suit until decedent's death. After decedent's death Arnold's legal fees were paid by the estate until the suit was settled in April of 1982. On Schedule K to the estate tax return, a deduction was claimed under section 2053 in the amount of $110,765.40 for the fees paid *117 by the estate. In the deficiency notice respondent disallowed the deduction. OPINION The pertinent portions of section 2053 read as follows: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) GENERAL RULE. -- For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts -- * * * (3) for claims against the estate * * * * * * as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered. * * * (c) * * * (1) LIMITATIONS APPLICABLE TO SUBSECTIONS (a) AND (b). -- (A) CONSIDERATION FOR CLAIMS. -- The deduction allowed by this section in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration * * * Under section 2053 claims against an estate are limited to those contracted bona fide for an adequate and full consideration in money or money's worth. ; *118 . Petitioner has the burden of proving that decedent's promise to pay Arnold's legal fees falls within section 2053. Petitioner contends that in return for decedent's promise to pay the fees Arnold agreed to maintain decedent in the manner of living to which he was accustomed for as long as he lived. In support of this contention, Arnold testified that he made the promise to decedent at the same time that decedent promised to pay his legal fees. Arnold also testified that pursuant to his promise he made some bonus payments to decedent's maid and occasionally supplied the decedent with amounts ranging from $200 to $500 for the decedent to spend on himself or the maid. Arnold was unable to produce any record or other evidence of his promise or the payments he made. However, if we assume that Arnold made such a promise and that it was sufficient consideration to support a valid contract under state law, petitioner has failed to establish that Arnold's promise constituted "adequate and full" consideration within the meaning of section 2053 which requires consideration *119 of a money value equivalent to the value of the promise given. See . The vague and uncorroborated testimony of Arnold is not sufficient to support a finding that his promise, if made, to support a man aged 89 for the rest of his life, had a value equivalent to the fees of over $110,000. Furthermore, we are satisfied that under the circumstances disclosed by this record decedent's promise to pay Arnold's fees was in the nature of a family agreement as to his share in the estate, rather than a contractual undertaking creating a claim against the estate. In other words, decedent was merely protecting his existing estate plan by insuring that Arnold would be able to keep the stock free of any liabilities and costs associated with the lawsuit. We conclude, therefore, that decedent's promise is not deductible as a claim against the estate under section 2053. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩